UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MILTON RICH,<br><br>                  Plaintiff,<br><br>      v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>                  Defendant. | Case No. C13-924-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Milton Rich filed a complaint requesting the Court issue a restraining order and direct the Commissioner to award him Supplemental Security Income Benefits ("SSI"). Dkt. 1, 9. The Honorable Ricardo S. Martinez denied the request for a restraining order, Dkt. 11, and referred the matter to the undersigned Magistrate Judge. On March 17, 2014, the Commissioner filed a motion to dismiss for lack of subject matter jurisdiction. Mr. Rich has not responded to the motion. Because the record shows the Commissioner has not issued a final decision and the Court therefore lacks subject matter jurisdiction, the Court recommends the case be **DISMISSED** without prejudice.

## BACKGROUND

The Commissioner has filed a declaration averring Mr. Rich's SSI application is still

REPORT AND RECOMMENDATION - 1

pending before the Commissioner at the administrative level. Dkt. 16. The Commissioner avers Mr. Rich filed a SSI application in November 2012. The application was denied initially in May 2013 and on reconsideration. In June 2013, Mr. Rich initiated an attempt to obtain benefits simultaneously at the administrative level and in the United States District Court by filing the present complaint. At the administrative level, Mr. Rich requested that a hearing before an ALJ and one was set for January 6, 2014; as of this date, a decision by the ALJ is still pending.

## DISCUSSION

This Court lacks subject matter jurisdiction over claims upon which there has been no final agency action. 42 U.S.C. § 405(g) and § 405(h).[1] A final decision is obtained only after the four steps of the social security administrative review process are completed: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 416.1400(a). The record shows that no final decision has been made as to Mr. Rich's SSI application. In fact, Mr. Rich's SSI application is still pending before the ALJ who has conducted a hearing but has not yet issued a decision. Accordingly, because Mr. Rich's SSI application is still pending before the Commissioner and a final decision has not yet been issued, the Court lacks subject matter jurisdiction and the case should be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court recommends the matter be **DISMISSED** without prejudice. If the Commissioner makes a final decision denying Mr. Rich's application for SSI, he may then seek review of that final decision by filing a complaint in this Court, subject to the

---

[1] *See Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) ("Section 405(g) requires an SSI claimant to obtain a final judgment from the Secretary before seeking judicial review.").

REPORT AND RECOMMENDATION - 2

time restrictions for seeking such relief.

A proposed order accompanies this Report and Recommendation. Objections, if any, to this Report and Recommendation must be filed and served no later than **April 25, 2014.** If no objections are filed, the Clerk shall note the matter as ready for the Court's consideration on **April 25, 2014**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed five pages. The failure to timely object may affect the right to appeal. The clerk shall provide a copy of this order to Mr. Rich, and the counsel for the Commissioner.

DATED this 11th day of April, 2014.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3